# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00102-01-CR-W-DW |
| LARRY RICK MIKAWA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 20, 2010, the Court entered its Order pursuant to 18 U.S.C. § 4241(b) directing that a psychological or psychiatric examination of the defendant be conducted and that a psychological or psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and (c) to determine the mental competency of the defendant.

Following the receipt of a psychological or psychiatric report which concluded that the defendant is incompetent to understand the nature and consequence of the proceedings against him and to assist properly in his defense, the undersigned issued a Report and Recommendation that the District Judge find the defendant incompetent.

On May 12, 2011, the District Judge entered an order, pursuant to 18 U.S.C. § 4241(d), finding the defendant incompetent and committing him to the custody of the Attorney General for hospitalization and treatment at a suitable facility in order to determine whether there was a substantial probability that in the foreseeable future the defendant could be restored to competence in order to permit the trial to proceed.

Subsequently, the Court received the psychological or psychiatric report of Kwanna Williamson, M.D., staff psychiatrist, and Carlton Pyant, Ph.D., staff psychologist. On January 30, 2012, a hearing was held wherein counsel for the government and counsel for the defendant stipulated that the report of Drs. Williamson and Pyant would be their testimony if called as witnesses. No other evidence was received.

The report of Drs. Williamson and Pyant concludes that the defendant continues to suffer from a severe mental disease which renders him incompetent to proceed to trial and that the defendant continues to require treatment with antipsychotic medication. However, the report also concludes that there is a substantial probability that the competence of the defendant can be restored with treatment. Accordingly, the report requests that the defendant continue to be committed to the custody of the Attorney General, pursuant to 18 U.S.C. Section 4241(d), for the purpose of receiving continued treatment in an effort to restore the competence of the defendant.

Based on the record before the Court and the findings of Drs Williamson and Pyant, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant Mikawa is incompetent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

RECOMMENDED that, pursuant to 18 U.S.C. 4241(d), the Court enter an order continuing the commitment of defendant Larry Rick Mikawa to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                                      **/s/ JOHN T. MAUGHMER**
                                                           JOHN T. MAUGHMER
                                                         United States Magistrate Judge

Kansas City, Missouri